UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DON-MIGUEL CUMMINGS,

                        Plaintiff,

            -against-                                1:11-CV-0892 (LEK/DRH)

NEW YORK STATE MENTAL HEALTH,
Central Records/NICS; and FBI NICS
SECTION, DJCS,

                        Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Don-Miguel Cummings ("Plaintiff") commenced this civil rights action against Defendants New York State Office of Mental Health ("OMH") and FBI NICS Section ("FBI") on July 29, 2011. Dkt. No. 1. Now before the Court is OMH's Motion to dismiss Plaintiff's Amended Complaint. Dkt. Nos. 32 ("Amended Complaint"); 37 ("Motion"). For the following reasons, OMH's Motion is granted.

**II.    BACKGROUND**

    **A. Plaintiff's Amended Complaint and Service Thereof**

Because OMH has moved to dismiss, the Court takes the factual allegations in Plaintiff's Amended Complaint as true for the purpose of ruling on the Motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the Court notes that Plaintiff's Amended Complaint differs from the Proposed Amended Complaint that he submitted on April 23, 2012. Compare Amended Compl., with Dkt. No. 30-1 ("Proposed Amended Complaint"). Mindful of its duty to construe *pro se* pleadings liberally, see, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.

2008), the Court will, in an abundance of caution, view the Proposed Amended Complaint as part of the Amended Complaint to the extent the former contains allegations consistent with the latter. Cf. Pegram v. Herdich, 530 U.S. 211, 230 n.10 (2000) ("Though this case involves a motion to dismiss . . . , and the complaint should therefore be construed generously, we may use [Plaintiff's] brief to clarify allegations in her complaint whose meaning is unclear."). Further, the FBI informs the Court that it has not been properly served. Dkt. No. 41. Accordingly, the Court orders that a U.S. Marshal re-attempt service of the Summons, Proposed Amended Complaint, and Amended Complaint on the FBI as appropriate under Federal Rule of Civil Procedure 4(i). See FED. R. CIV. P. 4(c)(3) (requiring service by U.S. Marshal for a plaintiff proceeding *in forma pauperis*); Dkt. Nos. 4 (granting Plaintiff's application to proceed *in forma pauperis*); 5 ("Summons").

**B. Factual and Procedural History**

Plaintiff, a citizen of Virginia, attempted to purchase a firearm in Richmond, Virginia, on or about April 15, 2009. Am. Compl. at 1-2. All would-be firearms purchasers must file a Form e4473 and be cleared by the federal National Instant Criminal Background Check System ("NICS") for approval to complete a transaction with a licensed firearms dealer. Id. at 2. See generally 18 U.S.C. § 922. One of the Form e4473 inquiries is whether an applicant has ever been involuntarily committed to a mental institution, to which Plaintiff replied, "No." Am. Compl. at 3. Four hours later, state and city police arrived at Plaintiff's home and informed him that he was under investigation for falsifying a Form e4473, which constitutes a felony in Virginia. Id.

Roughly seventeen years prior, on or about September 16, 1992, Plaintiff, then a citizen of New York, was met at his Dewitt, New York, home by local police, who informed him that they had received a report that he was a potential suicide risk. Id. at 6. Plaintiff agreed to submit to an

evaluation. Id. He was admitted to Hutchings Psychiatric Center ("HPC"), an OMH facility, for close overnight observation. Id.[1] On September 18, 1992, Plaintiff was evaluated and found not to present a suicide risk, whereupon he was immediately released. Id. at 7.

After visiting Plaintiff on April 15, 2009, Virginia police applied for a felony arrest warrant based on the foregoing. Id. at 3. A Virginia magistrate denied the application because federal firearms regulations state that "[t]he term ['committed to a mental institution'] does not include a person in a mental institution for observation or a voluntary admission to a mental institution." Id.; see 27 C.F.R. § 478.11. On or about June 9, 2009, Virginia police told Plaintiff that no charges would be filed, informed Plaintiff that the New York records of his admittance to HPC in 1992 had raised a flag on his application, and told Plaintiff that he would need to address the issue with OMH to have the records removed from the NICS database. Am. Compl. at 3-4.

On May 17, 2010, Plaintiff completed an application to OMH for relief, which OMH denied on August 20, 2010. Id. at 4. Plaintiff appealed that decision in an Article 78 proceeding in New York Supreme Court and obtained an order to show cause, but failed to serve the order properly. Id. at 5. As a result, his Article 78 petition was dismissed on January 25, 2011, for failure to obtain personal jurisdiction. Id. Plaintiff then commenced the present action on July 29, 2011. Id.

Construed liberally, Plaintiff's Amended Complaint alleges the following causes of action: (1) violation of Fifth Amendment due process and the Second and Eighth Amendments against the FBI,[2] see Proposed Am. Compl. ¶ 1-2, 4, 6; (2) violation of Fourteenth Amendment due process and

---

[1] It appears that Plaintiff was admitted sometime after midnight; thus, on September 17, 1992. See Am. Compl. at 6; Proposed Am. Compl. ¶¶ 2-3, 6. It also appears that Plaintiff was first taken to Crouse Irving Memorial Hospital's emergency room, where he was heavily sedated. Am. Compl. at 6; Proposed Am. Compl. at ¶ 5.

[2] The Court does not address these claims because the FBI has not yet been properly served.

3

the Second and Eighth Amendments against OMH under 42 U.S.C. § 1983, see Am. Compl. at 7-8; Proposed Am. Compl. ¶ 1-2, 5-6; and (3) a petition for judicial review under 18 U.S.C. 925(c) of OMH's denial of his application for relief, see Am. Compl. at 1, 5. Plaintiff requests monetary damages and injunctive relief.[3] See Am. Compl. at 1, 8-9; Proposed Am. Compl. ¶¶ 1, 8, 11-12.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see FED. R. CIV. P. 12(b)(6). "[A] court must accept all well-pleaded factual allegations made by the non-moving party as true and 'draw all inferences in . . . the non-moving party's favor,'" Brown v. Kopek, No. 11-CV-0016, 2011 WL 3737921, at *3 (N.D.N.Y. Aug. 24, 2011) (Kahn, J.) (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.)), but "[a]ny legal conclusions, deductions, or opinions couched as factual allegations are not accorded a presumption of truthfulness." Id.

## IV. DISCUSSION

### A. § 1983 Claims

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

---

[3] Plaintiff also requests a writ of coram nobis. See Proposed Am. Compl. ¶ 10. The writ of coram nobis has been abolished in civil actions in the federal courts. See FED. R. CIV. P. 60(e). Plaintiff's request for such a writ is therefore denied.

4

Foreign State." U.S. CONST. amend. XI; see also Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 457 (N.D.N.Y. 1999) ("The 'state' for purposes of the Eleventh Amendment generally includes state agencies . . . ." (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978))). Although Congress may abrogate the Eleventh Amendment pursuant to authority granted by a subsequent amendment—for example, § 5 of the Fourteenth Amendment, see, e.g., Bd. of Trustees v. Garrett, 531 U.S. 356, 363-64 (2001)—it did not do so when enacting § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-71 (1989); Goonewardena v. New York, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) ("[S]ection 1983 does not abrogate a state's Eleventh Amendment immunity."); see also id. ("While the acceptance of federal funds by a state entity waives that state's immunity for purposes of Title VI, it does not for purposes of section 1983."). Accordingly, Plaintiff's § 1983 claims against OMH are barred by the Eleventh Amendment and are therefore dismissed. See Komlosi v. N.Y. State Office of Mental Retardation and Dev'l Disabilities, 64 F.3d 810, 815 (2d Cir. 1995) ("For Eleventh Amendment purposes, [The New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD")] is to be considered an arm of New York State. Accordingly, it cannot be sued under § 1983 . . . . It follows that OMRDD is entitled to summary judgment dismissing [plaintiff's] claim as to prospective relief and attorney fees as well as damages." (citation omitted)).

### B. § 925(c) Petition

18 U.S.C. § 925(c) provides, in relevant part, that any person who is under a prohibition relating to firearms may apply to the Attorney General for relief from any such disability imposed by federal law. "Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides

for a judicial review of such denial." 18 U.S.C. § 925(c). Plaintiff has not alleged that he applied to the Attorney General for relief. See generally Am. Compl.; Proposed Am. Compl. Moreover, Plaintiff's § 925(c) petition would properly be brought in the U.S. District Court for the Eastern District of Virginia because Plaintiff resides in Richmond. See Am. Compl. at 1. Plaintiff's § 925(c) petition is therefore denied.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that a U.S. Marshal serve copies of the Summons (Dkt. No. 5), Proposed Amended Complaint (Dkt. No. 30-1), and Amended Complaint (Dkt. No. 32) upon Defendant FBI NICS Section, DCJS, in accordance with Federal Rule of Civil Procedure 4(i); and it is further

**ORDERED**, that Defendant New York State Mental Health's Motion (Dkt. No. 37) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's claims against Defendant New York State Mental Health are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's petition for judicial review under 18 U.S.C. § 925(c) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:    September 09, 2013
          Albany, NY

Lawrence E. Kahn
U.S. District Judge