UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DON-MIGUEL CUMMINGS,

                    Plaintiff,

      -against-                                 1:11-CV-0892 (LEK/CFH)

FBI NICS SECTION,

                    Defendant.

## DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Don-Miguel Cummings ("Plaintiff") commenced this civil rights action against Defendants New York State Office of Mental Health ("OMH") and the Federal Bureau of Investigation ("FBI") on July 29, 2011. Dkt. No. 1. The Court dismissed all claims against OMH on September 9, 2013. Dkt. No. 42 ("September Order") at 6. Presently before the Court is the FBI's Motion to dismiss Plaintiff's Amended Complaint. Dkt. Nos. 32 ("Amended Complaint"); 52 ("Motion"). For the following reasons, the Motion is granted and this case is dismissed.

**II.    BACKGROUND**[1]

The Court assumes the parties' familiarity with the facts and history of this case, which were fully described in the September Order. Sept. Order at 1-4.

Briefly stated, Plaintiff, a citizen of Virginia, attempted to purchase a firearm in Richmond, Virginia, on or about April 15, 2009. Am. Compl. at 1-2. All would-be firearms purchasers must

---

[1] In ruling on the Motion to dismiss, the Court takes the factual allegations in Plaintiff's Amended Complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, for the reasons stated in the September Order, the Court treats the Proposed Amended Complaint as part of the Amended Complaint to the extent the former contains allegations consistent with the latter. Sept. Order at 1-2; Dkt. No. 30-1 ("Proposed Amended Complaint").

file a Form e4473 and be cleared by the federal National Instant Criminal Background Check System ("NICS") for approval to complete a transaction with a licensed firearms dealer. Id. at 2; see generally 18 U.S.C. § 922. One of the Form e4473 inquiries is whether an applicant has ever been involuntarily committed to a mental institution, to which Plaintiff replied "No." Am. Compl. at 3. Four hours later, state and city police arrived at Plaintiff's home and informed him that he was under investigation for falsifying a Form e4473. Id.

Roughly seventeen years prior, on or about September 16, 1992, Plaintiff was admitted to Hutchings Psychiatric Center ("HPC"), an OMH facility, for close overnight observation due to a possible risk of suicide. Id. On September 18, 1992, Plaintiff was found not to present a suicide risk and released. Id. at 7.

After visiting Plaintiff on April 15, 2009, Virginia police applied for a felony arrest warrant based on the foregoing. Id. at 3. A Virginia magistrate denied the application because "[t]he term ['committed to a mental institution'] does not include a person in a mental institution for observation or a voluntary admission to a mental institution." Id.; see 27 C.F.R. § 478.11. On or about June 9, 2009, Virginia police told Plaintiff that no charges would be filed, that the New York records of his admittance to HPC in 1992 had raised a flag on his application, and that Plaintiff would have to contact OMH to have the records removed from the NICS database. Am. Compl. at 3-4.

On May 17, 2010, Plaintiff submitted an application for relief to OMH, which OMH denied on August 20, 2010. Id. at 4. Plaintiff appealed that decision in an Article 78 proceeding in New York Supreme Court, which was dismissed on January 25, 2011, for lack of personal jurisdiction. Id. Plaintiff then commenced the present action on July 29, 2011. Id.

Construed liberally, Plaintiff's Amended Complaint alleges the following causes of action: (1) violation of the Second, Fifth, and Eighth Amendments against the FBI, see Proposed Am. Compl. ¶¶ 1-2, 4, 6; (2) violation of the Second, Eighth, and Fourteenth Amendments against OMH, see Am. Compl. at 7-8; Proposed Am. Compl. ¶¶ 1-2, 5-6; and (3) a petition for judicial review under 18 U.S.C. § 925(c) of OMH's denial of his application for relief, see Am. Compl. at 1, 5. Plaintiff requests monetary damages and injunctive relief. See Am. Compl. at 1, 8-9; Proposed Am. Compl. ¶¶ 1, 8, 11-12.

On September 9, 2013, the Court dismissed Plaintiff's claims against OMH as barred by the Eleventh Amendment, and denied Plaintiff's petition under 18 U.S.C. § 925(c) because he had not first applied to the Attorney General for relief, and had filed his petition in the wrong district. Sept. Order at 4-6.

The FBI was served in December 2013, and filed its Motion on February 18, 2014. Dkt. Nos. 46-48; Mot. Plaintiff has not responded to the Motion. See generally Docket.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see FED. R. CIV. P. 12(b)(6). "[A] court must accept all well-pleaded factual allegations made by the non-moving party as true and 'draw all inferences . . . the non-moving party's favor,'" Brown v. Kopek, No. 11-CV-0016, 2011 WL 3737921, at *3 (N.D.N.Y. Aug. 24, 2011) (Kahn, J.) (quoting In re NYSE Specialists Sec.

3

Litig., 503 F.3d 89, 95 (2d Cir. 2007)), but "[a]ny legal conclusions, deductions, or opinions couched as factual allegations are not accorded a presumption of truthfulness." Id.

An unopposed motion to dismiss need not be granted. See Haas v. Commerce Bank, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007). "In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . .'" Id. (quoting McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000)). When interpreting a *pro se* plaintiff's complaint in such a situation, a court should construe the complaint liberally and interpret it to raise the strongest arguments that it suggests. See Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002)

## IV. DISCUSSION

The FBI argues that: (1) Plaintiff's § 1983 claims, construed as Bivens claims, are barred by the United States' sovereign immunity; and (2) Plaintiff has failed to state a claim under 18 U.S.C. § 925(c). Dkt. No. 52-1 ("Memorandum") at 4-8.

### A. Section 1983/Bivens Claims

Section 1983 provides a cause of action for constitutional violations committed by a person acting under the color of *state* law. 42 U.S.C. § 1983. Because the FBI is an arm of the *federal* government, it cannot be sued under § 1983. See Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005).

In light of Plaintiff's *pro se* status, the Court construes the § 1983 claims against the FBI as claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, which recognizes a cause of action for constitutional violations committed by federal officials. 403 U.S. 388, 397 (1971). However, a Bivens action must be brought against federal officers in their

4

individual capacities; actions directly against the United States are barred by sovereign immunity. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). Accordingly, because the FBI, a federal agency, is the only named Defendant, Plaintiff's Bivens claims are barred. See Haughton v. FBI, No. 98 Civ. 3418, 1999 WL 1133346, at *5 (S.D.N.Y. Dec. 10, 1999); Hayes v. FBI, 562 F. Supp. 319, 322 (S.D.N.Y. 1983).

### B. § 925(c) Petition

The FBI moves for dismissal of Plaintiff's § 925(c) petition, Mem. at 5-8, but the petition was already denied in the September Order, Sept. Order at 6.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant FBI NICS Section's Motion (Dkt. No. 52) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 32) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: April 11, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge

5